

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-82,875-01 & WR-82,875-02

### IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR., DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT, Relator

### ON PETITIONS FOR WRIT OF MANDAMUS AND PROHIBITION
### AGAINST THE HONORABLE BRADY ELLIOT
### IN CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT
### OF FORT BEND COUNTY

**YEARY, J., filed a dissenting opinion.**

The issue here boils down to whether the judge of the trial court has the authority to conduct a jury trial on the question of Turner's present competency as part of his mandate to determine the feasibility of making a retrospective competency determination. As this Court today characterizes it, the trial court apparently believes that Turner must be presently competent before it can be determined whether a retrospective determination of his competency at the time of his trial is feasible. I reject that notion. Just as "[t]here is no expectation that a defendant be competent during his competency trial[,]" Dissenting Opinion of Presiding Judge Keller at 3, there is no reason to expect an appellant to be competent in

order to determine whether it is currently feasible to litigate the question of whether he was competent at the time of his initial trial.

Perhaps the trial court would simply like to have the benefit of a jury's perspective on Turner's present competency to stand trial as that perspective would be relevant to its judicial determination whether a retrospective competency determination is feasible. The Court today seems to hold that there is nothing that clearly *prohibits* the trial court from convening a full-blown competency trial in order to inform its judicial decision; therefore, the State is not clearly entitled to the extraordinary relief it seeks. Like Presiding Judge Keller, however, I do not view the question in this case as whether the law clearly *prohibits* the trial court from holding a competency trial, but rather, whether our remand conferred upon the trial court the *authority* to conduct such a competency trial. Since present competency to stand trial is not currently an issue *per se*, such a competency trial could only serve an advisory function.

Like Presiding Judge Keller, I do not believe the trial court is authorized to convene a jury to decide Turner's present competency, under either the statute or the common law, simply to serve such an advisory function. Because Turner's present competency is not currently in issue, invoking Article 46B.051 of the Code of Criminal Procedure to obtain a jury verdict on present competency will not determine the issue that is currently pending before the trial court.[1] It would serve, at best, to resolve a kind of basic fact, to help the trial

---

[1] *See* TEX. CODE CRIM. PROC. art. 46B.051 ("a jury shall make the determination" of competency to stand trial upon the request of either party). The jury's competency verdict under this provision is apparently limited to the ultimate question of "whether the defendant is incompetent to stand trial." TEX. CODE CRIM. PROC. art. 46B.052(a).

court determine the ultimate fact for which we remanded the case. Thus, in that best case scenario, it would seem to operate in much the same way as a special issue, to help inform the determination (assigned to the trial court by our remand) whether a retrospective competency determination is feasible. But verdicts in criminal actions in Texas, with certain statutory exceptions, are required to be general, and special issues, designed to require juries to expressly resolve certain basic fact issues along the way to a general verdict, are not authorized. *E.g.*, *Stewart v. State*, 686 S.W.2d 118, 124 (Tex. Crim. App. 1984) ("Other than the provisions in Article 37.071, V.A.C.C.P., Texas jurisprudence has no authority allowing the submission of special issues to a jury in a criminal case."). Here, the trial court does not even propose to convene a jury to decide the ultimate fact we remanded for—the feasibility of a retrospective competency hearing. Instead, the trial court would inconvenience a jury to render what is—essentially—an advisory verdict with respect to what is—at best—a marginally relevant basic fact: is Turner competent now?

Federal trial courts in civil cases may have some authority to "try any issue with an advisory jury[.]" *See* FED. R. CIV. P. 39(c). However, I find no comparable authority for a district court to do so in a criminal matter in Texas, even with the best of intentions. Convening an advisory jury seems all the more indefensible considering that the trial court has lost general jurisdiction over the case, and the terms of our order of remand returning jurisdiction to the trial court is limited, explicitly assigning the role of deciding the ultimate issue of feasibility to the trial court itself. *Cf. State v. Patrick*, 86 S.W.3d 592, 594-96 (Tex.

Crim. App. 2002) (plurality opinion) (the limited jurisdiction that Chapter 64 of the Code of Criminal Procedure confers on convicting courts to conduct post-conviction DNA testing after it has lost general jurisdiction does not authorize them to order DNA testing beyond the explicit terms of the statute); *In re Medina*, 475 S.W.3d 291, 296 (Tex. Crim. App. 2015) (writs of mandamus or prohibition are appropriate extraordinary remedies when a trial court acts beyond the scope of its jurisdiction or authority). Such a remand does not contemplate the invocation of Article 46B.051 to conduct a full-blown jury trial on present competency to stand trial when that is not the issue and it is not even determinative of what *is* the issue. If the trial court believes that Turner's present competency is so relevant, it is certainly free to determine that basic fact for itself after hearing evidence on the issue.

None of this is to suggest, of course, that Turner's present competency has no relevance whatsoever to the question of the feasibility of conducting a retroactive competency determination. But it is clear to me that it is far from determinative of that issue. The judge of the trial court can certainly exercise his own judgment with respect to Turner's present competency if he thinks that such a determination is important to the feasability question. Moreover, in deciding the feasibility question, the trial court will undoubtedly hear from the same experts who would most likely inform an advisory jury verdict with respect to Turner's present competency to stand trial. There is neither any need to involve a jury nor any legal authority to do so. Since its general jurisdiction has lapsed, I agree with Presiding Judge Keller that the trial court currently lacks the authority to carry out a full-blown trial on

Turner's *present* competency to stand trial.

With these additional observations, I join Presiding Judge Keller's dissent.

FILED:      March 8, 2017
DO NOT PUBLISH